# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-250-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alejandro Solis, federal prisoner # 34263-179, moves to proceed in forma pauperis (IFP) to appeal the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence pursuant to Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Solis is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51005

litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Solis argues for the first time in his IFP motion that the district court erroneously calculated his criminal history score at sentencing by awarding one point for his sentence for a Minor Driving Under the Influence.  As this argument is raised for the first time on appeal, it is not considered by this court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

He further raises the issue that Amendment 742 applies to his sentence to eliminate the recency point he garnered under former U.S.S.G. § 4A1.1(e). This argument fails on the merits, however, because the amendment is not listed as a retroactive in § 1B1.10(c).  *See* § 1B1.10(a) & (d).  Solis's appeal does not involve legal points arguable on their merits. Accordingly, his motion to proceed IFP is denied, and his appeal is dismissed as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.

IFP DENIED; APPEAL DISMISSED.